**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID BOLD,<br><br>               Plaintiff,<br>vs.<br><br>BANK OF AMERICA HOME LOANS, LLC,<br>a Division of Bank of America, N.A.; and<br>PRLAP<br><br>               Defendants. | Case No.: 2:12-cv-01978-GMN-CWH<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff David Bold.  Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendant Bank of America, N.A. ("Bank of America") and Defendant PRLAP, Inc. ("PRLAP") (collectively, "Defendants").  Plaintiff filed a Response (ECF No. 18) and Defendants filed a Reply (ECF No. 19).

**I.      BACKGROUND**

Plaintiff originally filed this action in state court, and Defendants removed to this Court. (Notice of Removal, ECF No. 1.)  Plaintiff alleges causes of action under three headings relating to: (1) Violations of the Home Ownership, Equity Protection Act; (2) Wrongful Foreclosure / Quiet Title – All Defendants/ Petition for Judicial Review; and (3) To Set Aside Notice of Trustee's Sale Against the Foreclosing Defendants. (Compl., Ex. A to Notice of Removal, ECF No. 1-1.)

In his Complaint, Plaintiff alleges that his claims related to his "home located at 6785 Ancestral Hills, Las Vegas NV, 89110, APN # 161-27-614-040." (Compl., 2:¶1.)  The publicly recorded documents submitted by Defendants indicate that the APN # for the property located

at 6785 Ancestral Hills, Las Vegas, NV, 89110 is 140-35-312-025 ("the Ancestral Hills property"), and the address of the property with APN # 161-27-614-040 is 6455 Belgrave Hall Lane, Las Vegas, NV, 89122 ("the Belgrave Hall property").

### 1. The Ancestral Hills property

The publicly recorded documents for the Ancestral Hills property indicate that a Deed of Trust was executed in February 2004 by Plaintiff and Carol E. Rice, to secure a mortgage loan from Bank of America, N.A., as beneficiary. (Ancestral Hills February 2004 Deed of Trust, Ex. F to Notice of Removal, ECF No. 1-6.)  The Trustee on the Deed of Trust was Defendant PRLAP, Inc. (*Id.*)  On January 27, 2011, a Substitution of Trustee was executed by Bank of America, and was recorded on February 1, 2011, naming ReconTrust Company, N.A., as Trustee. (Ancestral Hills Substitution of Trustee, Ex. H to Notice of Removal, ECF No. 1-8.) A Notice of Default was recorded on January 27, 2011, by LSI Title Agency, Inc., as agent for ReconTrust Company, as agent for the Beneficiary. (Ancestral Hills Notice of Default, Ex. I to Notice of Removal, ECF No. 1-9.)  The Ancestral Hills property was sold at a Trustee's Sale auction on September 13, 2011. (Ancestral Hills Trustee's Deed Upon Sale, Ex. N to Notice of Removal, ECF No. 1-14.)

### 2. The Belgrave Hall property

The publicly recorded documents for the Belgrave Hall property indicate that a Deed of Trust was executed in March 2005 by Plaintiff and Amy Sparacino, to secure a mortgage loan from Bank of America, as beneficiary. (Belgrave Hall March 2005 Deed of Trust, Ex. Q to Notice of Removal, ECF No. 1-17.)  The Trustee on the Deed of Trust was Defendant PRLAP, Inc. (*Id.*)  On December 7, 2010, a Substitution of Trustee was executed by Bank of America, and was recorded on December 9, 2010, naming ReconTrust Company, N.A., as Trustee. (Belgrave Hall Substitution of Trustee, Ex. S to Notice of Removal, ECF No. 1-19.)  A Notice of Default was recorded on December 7, 2010, by LSI Title Agency, Inc., as agent for

ReconTrust Company, as agent for the Beneficiary. (Belgrave Hall Notice of Default, Ex. T to Notice of Removal, ECF No. 1-20.)  On December 7, 2010, Bank of America executed an Assignment and recorded it on December 9, 2010, transferring the beneficial interest in the Deed of Trust to BAC Home Loans Servicing, LP. (December 2010 Belgrave Hall Assignment, Ex. U to Notice of Removal, ECF No. 1-21.)  On April 16, 2011, BAC Home Loans Servicing, LP, executed an Assignment and recorded it on April 25, 2011, transferring the beneficial interest in the Deed of Trust to Federal National Mortgage Association ("Fannie Mae"). (April 2010 Belgrave Hall Assignment, Ex. X to Notice of Removal, ECF No. 1-24.)  The Belgrave Hall property was sold at a Trustee's Sale auction on April 12, 2011. (Belgrave Hall Trustee's Deed Upon Sale, Ex. Y to Notice of Removal, ECF No. 1-25.)

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

1  *Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers
2  materials outside of the pleadings, the motion to dismiss is converted into a motion for
3  summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261
4  F.3d 912, 925 (9th Cir. 2001).

5       If the court grants a motion to dismiss, it must then decide whether to grant leave to
6  amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so
7  requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on
8  the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
9  undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the
10 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
11 only denied when it is clear that the deficiencies of the complaint cannot be cured by
12 amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

13 **III.   DISCUSSION**

14      As a threshold consideration, the Court finds that Plaintiff's Complaint fails to give
15 Defendants fair notice of a legally cognizable claim and the grounds upon which it rests
16 primarily because the pleading conflates the facts as to the Ancestral Hills property and the
17 Belgrave Hall property, and fails to distinguish between violations relating to each property.
18 For this reason alone, the Court must dismiss Plaintiff's Complaint, and will give leave for
19 Plaintiff to amend if he can cure these deficiencies.  For the reasons discussed below, Plaintiff
20 must also cure additional deficiencies in his causes of action.

21      **A.   Home Ownership and Equity Protection Act ("HOEPA")**

22      Plaintiff's first cause of action alleges violations of the Home Ownership and Equity
23 Protection Act ("HOEPA").  As discussed by Defendants in their motion, HOEPA has a one-
24 year statute of limitations for money damages, and a three-year statute of limitations for
25 rescission, if not earlier. *See* 15 U.S.C. §§ 1635(f), 1640(e).  Plaintiff's claims under this cause

of action stem from his execution and consummation of a mortgage loan, which took place in February 2004 or March 2005, according to the Deeds of Trust for the Ancestral Hills property and the Belgrave Hall property. (*See* February 2004 Ancestral Hills Deed of Trust, Ex. F to Notice of Removal, ECF No. 1-6; March 2005 Belgrave Hall Deed of Trust, Ex. Q to Notice of Removal, ECF No. 1-17.)  Therefore these claims must be dismissed, unless Plaintiff can allege claims that are not barred by the applicable statutes of limitation.

### B.   Wrongful Foreclosure and Quiet Title

Here, Plaintiff requests "a Declaratory Judgment that the foreclosure is improper" and refers to quiet title and wrongful foreclosure. (Compl., 11:¶¶50, 53–54.)  Plaintiff also refers to "slander of title." (Compl., 11:¶52.)

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

Nevada statutes provide that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  "Moreover, there is a presumption in favor of the record titleholder." *Id*.

Also, in Nevada, "[t]he requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

Here, the Court cannot find that Plaintiff has sufficiently alleged the necessary elements of each of these causes of action, or that he has sufficiently alleged a plausible factual basis for the Court to find that any violations have occurred on the part of Defendants. Plaintiff does not allege that he is current in his mortgage payments, or that he was current in his payments at the time of the recording of the Notice of Default. Therefore, he has not sufficiently alleged facts plausibly showing good title in himself for the property. Plaintiff also has not sufficiently alleged facts plausibly showing that Defendants made any false statements, or with malicious intent. Accordingly, to the extent that Plaintiff intends to allege causes of action for wrongful foreclosure, quiet title, or slander of title, the Court must dismiss these claims for failure to state a legally cognizable claim and the grounds upon which it rests. The Court will give Plaintiff leave to amend if he can cure these deficiencies consistent with the pleading requirements discussed above.

### C. To Set Aside Notice of Trustee's Sale

Plaintiff's last cause of action alleges that Defendants "have never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the Note and Deed of Trust, because Defendant's [sic] interest was never acknowledged and recorded, resulting in the non-judicial foreclosure proceedings being void ab initio." (Compl., 12:¶56.) Plaintiff also alleges that the Deed of Trust was "improperly assigned and/or transferred to Defendants from the original lender." (Compl., 12:¶57.)

The Court finds that this is insufficient to give Defendants fair notice of a legally cognizable claim and the grounds on which it rests, and therefore this claim must be dismissed. However, the Court recognizes that Plaintiff's allegations may relate to the procedural requirements of Chapter 107 of Nevada Revised Statutes, which provides for setting aside a foreclosure sale, among other remedies. To the extent that Plaintiff intends to allege a cause of action under this statute, Plaintiff is given leave to amend his Complaint if he can do so

consistent with the pleading requirements discussed above.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff is given leave to file an Amended Complaint curing the deficiencies identified in this Order by **Friday, October 11, 2013**.  Failure to do so by this deadline will result in **DISMISSAL** of the action **with prejudice**.

**DATED** this 19th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge